GAUDIN, Judge.
This redhibition suit was instituted by Mr. and Mrs. George E. Florane Jr. against Dr. and Mrs. Robert G. Strauss, who in turn filed a third party complaint against Mr. and Mrs. Leonard L. Lapuyade, the original owners of a house situated at 4904 Clearview Parkway in Metairie, Louisiana, and which is the subject of this litigation. Following a bench trial in the 24th Judicial District Court, judgment was rendered in favor of Mr. and Mrs. Florane and against Dr. and Mrs. Strauss in the sum of $8,750.00, and in favor of Dr. and Mrs. Strauss and against Mr. and Mrs. Lapu-yade in the amount of $4,375.00.
The main redhibition problem, according to the Floranes and several other witnesses, was with leaking. After heavy rains, water would enter the house in close proximity to several windows and through the exterior brickwork.
All parties filed appeals to this Court. The Floranes ask for recission of the sale or a larger award while Dr. and Mrs. Strauss say that the trial judge erred in finding redhibitory defects worth $8,750.00 and in not ordering the Lapuyades to fully indemnify them (the Strausses).
Mr. and Mrs. Lapuyade contend that there were no defects in the residence; and even if there were, any right or cause of action against them had long prescribed.
For reasons following, we affirm that part of the judgment awarding $8,750.00 to Mr. and Mrs. Florane, and we annul and set aside the third party award in favor of Dr. and Mrs. Strauss and against the Lapu-yades.
Redhibition, according to LSA-C.C. arts. 2520 and 2521, is the avoidance of a sale because of a serious vice not discoverable by simple inspection. Art. 2541 permits reduction of the purchase price if the defect merely diminishes the value of the thing sold rather than making it useless and altogether unsuited to its purpose.
In a redhibitory suit seeking to void a sale, the trial judge may decree a reduc *6 tion of the sale price if the facts and circumstances so warrant. See Art. 2543.
The Clearview Parkway house was built in 1974 by the Lapuyades, who acted as general contractors. The residence was sold to Mr. and Mrs. James Dolan on October 11,1976, and then sold by the Dolans to Dr. and Mrs. Strauss in June, 1977. The Strausses sold the house to the Floranes on March 14, 1980, and Mr. and Mrs. Florane moved into the residence on June 5, 1980.
Various witnesses, experts and otherwise, testified about the leaking and gave varied opinions as to the cause. Mr. Flo-rane said that living in the subject house was “... a nightmare to me and my family.” Before rendering judgment, the trial judge said:
“I would conclude that this was a poor mortar job. It was poor from the beginning and it has deteriorated.”
While the $8,750.00 award to the Flo-ranes was not itemized by the district judge, it was generally agreed among counsel that $6,000.00 was for waterproofing the entire house, $2,000.00 was for a maintenance bond or contract and $750.00 was for replacing a faulty air conditioning compressor. Regarding the cost of waterproofing the house or a part thereof, estimates of the witnesses ran as high as $12,000.00 for the entire house and as low as $400.00 for spot repairs. The trial judge found that the lack of good and sufficient mortar was a redhibitory defect and that the entire house required waterproofing. The Floranes’ waterproofing expert, Robert Collier, testified that 99 per cent of the mortar was defective and that it would cost $12,000.00 to do the entire house. There was, however, other testimony supporting the $6,000.00 award, a figure quoted by another waterproofing expert, Richard Volker.
A trial judge’s factual findings should not be disturbed on appeal if there is a reasonable basis for the findings and the trial judge was not clearly wrong. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), and numerous subsequent cases with similar holdings. Here, there was enough lay and expert testimony to substantiate the $6,000.00 awarded for mortar repairs and waterproofing and the $2,000.00 award for the maintenance bond or contract.
Likewise, the record justifies the $750.00 awarded for the air conditioning compressor. Mr. Florane said:
“When we moved in on June 5th, we attempted to use the central air conditioner upstairs ... The air conditioner didn’t work at all.”
In opposition to this award, the Strausses contend that there was no proof that the air conditioning did not work on March 14, 1980, the date of the act of sale, inasmuch as Mr. and Mrs. Florane admitted that they did not try to operate the unit before June 5th. However, Mrs. Florane testified that Dr. Strauss told her the unit was functioning; also, Mr. Florane said, it was not warm on March 14th, therefore air conditioning wasn’t necessary.
While not overwhelming, there was enough favorable testimony for the trial judge to decide that the non-working air conditioning unit did fall under the Civil Code articles dealing with redhibition.
In their original petition, the Floranes prayed for dissolution of the sale and for $238,847.00 in damages. On appeal now, however, while they reurged voidance of the sale and ask for an increased award, the primary thrust of their argument is that the district judge was fair and correct in awarding $8,750.00.
We have carefully considered the testimony and the documentary evidence, much of it conflicting. There is considerable testimony and evidence suggesting a higher award and there is also in the record testimony and evidence indicating that a lesser amount should have been awarded to the Floranes. In line with Arceneaux v. Domingue, supra, we affirm the $8,750.00 award. Appellants Dr. and Mrs. Strauss submit that we should believe their witnesses rather than the others, but that is not the function of nor the usual inclination of an appellate court.
*7 We turn now to the Lapuyades and their plea of prescription. Civil Code arts. 2534 and 2546 governs prescription in red-hibition matters. Art. 2534 reads:
“The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
“This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser. “Nor where the seller, not being domiciled in the State, shall have absented himself before the expiration of the year following the sale; in which case the prescription remains suspended during his absence.”
Art. 2546:
“In this case,[1] the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice.
“This discovery is not to be presumed; it must be proved by the seller.”
The record shows that Mr. Florane and Dr. Strauss discussed both the defective air conditioning and the water leakage within eight weeks of the act of sale. Thus, the third party demand on the Lapuyades, filed July 16, 1982, was not timely.
We maintain the exception of prescription filed by Mr. and Mrs. Lapuyade and we reverse and set aside the third party award of $4,375.00 in favor of Dr. and Mrs. Strauss. All other portions of the appealed-from judgment of the district court are affirmed. Costs of this appeal are to be shared by Mr. and Mrs. Florane and Dr. and Mrs. Strauss.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.

. When the seller is in bad faith.